UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation d/b/a MONSTER BEVERAGE COMPANY,<br><br>Plaintiffs;<br><br>v.<br><br>NATIONAL BEVERAGE CORP., a Delaware corporation, SHASTA BEVERAGES INC., a Delaware corporation, and FREEK'N BEVERAGE CORP., a Delaware corporation,<br><br>Defendants. | Miscellaneous Action Nos.<br>3:07-MC-80098 PJH (EDL)<br>3:07-MC-80090 CW (EDL)<br><br>(pending in the U.S. District Court<br>Central District of California<br>Case No. CV06-5470 ER (CTx))<br><br>**ORDER AFTER HEARING RE: SUBPOENA *DUCES TECUM* TO NON-PARTY MCLEAN DESIGN, INC.**<br><br>Date:        May 8, 2007<br>Time:       2:30 p.m.<br>Dept.:       E, 15th Fl.<br>Mag. Judge:   Hon. Elizabeth D. Laporte |

The Motion to Compel Deposition *Duces Tecum* of Non-Party McLean Design, Inc., brought by Defendants NATIONAL BEVERAGE CO., SHASTA BEVERAGES INC., NEWBEVCO, INC. and FREEK'N BEVERAGE CORP.'s ("Defendants"), and the Motion to Quash Subpoena *Duces Tecum*, brought by Non-Party McLean Design, Inc. ("McLean"), having come on regularly for hearing before the Honorable Magistrate Judge Elizabeth D. Laporte on May 8, 2007, and the court having considered the papers on file herein and oral arguments of counsel, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1.   McLean Design, Inc. ("McLean") is ordered to appear for deposition at a date and time convenient to McLean and to all counsel in light of other depositions and filings scheduled in Case No. CV06-5470 ER (CTx)**, no later than May 29, 2007**. McLean will be deposed on all topics set

1   forth in the Subpoena *Duces Tecum* served on McLean on March 22, 2007 ("Subpoena"), except as,
2   and to the extent that, such topics shall be modified as set forth below:

3         A.   Topic 7 shall be limited to the development and design of the trade dress of the
4   four Monster Energy drink product line cans or containers that are at issue in this case (Monster,
5   Monster Lo-Carb, Monster Khaos, and Monster Assault) and variations on the designs for those cans
6   or containers that McLean proposed to plaintiff Hansen Beverage Company d/b/a Monster Beverage
7   Company ("Hansen").  Thus, Topic 7 shall include information relating **in whole or in part** to
8   McLean's design variations for those cans that were proposed to Hansen as the cans for Monster,
9   Monster Lo-Carb, Monster Khaos, and Monster Assault, even if such designs were not ultimately
10  adopted by Hansen.  All such information will be referred to in this order as the "Monster Brand and
11  its predecessors/prototypes."  Topic 7 shall not include any information regarding any development or
12  design of cans or containers that McLean developed or is currently developing for Hansen for product
13  lines other than the Monster Energy drink product line**, unless that information also relates to the**
14  **design of cans or  containers for the Monster Brand and its predecessors/prototypes.**  Topic 7
15  also shall not include any information regarding any development or design of cans or containers that
16  McLean developed or is currently developing for Hansen for the Monster Energy drink product line
17  other than the Monster Brand and its predecessors/prototypes**, unless that information also relates**
18  **to the design of cans or  containers for the Monster Brand and its predecessors/prototypes.**  To
19  the extent that Topics 1, 2, 3, 4, 5, 6, 8, 13, and 14 call for information regarding any development or
20  design of cans or containers other than the Monster Brand and its predecessors/prototypes, such
21  Topics are limited accordingly**, except that information shall not be excluded on the basis that it**
22  **does not pertain exclusively to the Monster Brand and its predecessors/prototypes**.
23        B.   McLean will not be deposed on Topics 9 or 12.
24        C.   McLean will answer questions on Topics 10 and 11 only to the extent that
25  Defendants seek information sufficient to show that McLean has a business relationship with Hansen.
26  //
27  //
28  //

2. McLean Design, Inc. ("McLean") is ordered to produce documents to Defendants on or before May 25, 2007. McLean will produce documents responsive to all Requests for Documents (collectively, "Requests"; individually, "Request") in the Subpoena except as, and to the extent that, such Requests shall be modified as set forth below:

    A. Request 1 shall include documents regarding any designs of any can for the energy drink products that were ultimately called Monster, Monster Lo-Carb, Monster Khaos, and Monster Assault. Request 1 shall include documents and communications relating to McLean's design variations for those cans that were proposed to Hansen as the cans for Monster, Monster Lo-Carb, Monster Khaos, and Monster Assault, even if such designs were not ultimately adopted by Hansen. All such information will be referred to in this order as "Monster Brand and its predecessors/prototypes." To the extent that Requests 3, 4, 5, 6, 7, 8, 9, 10, 14, 18, 19, 20 and 21 call for documents regarding designs for products other than the Monster Brand product line and its predecessors/prototypes, such Requests are limited accordingly**, except that documents shall not be excluded on the basis that they do not pertain exclusively to the Monster Brand and its predecessors/prototypes**.

    B. Request 1 shall not include documents regarding design of any can for any products that McLean developed or is currently developing for Hansen and that Hansen is not currently marketing, distributing, or selling**, other than design of Monster Brand and its predecessors/prototypes, unless those documents also relate to the design of cans or containers for the Monster Brand and its predecessors/prototypes.** To the extent that other Requests call for documents regarding design of any products that McLean developed or is currently developing for Hansen and that Hansen is not currently marketing, distributing, or selling, such Requests are limited accordingly**, except that documents shall not be excluded on the basis that they do not pertain exclusively to the Monster Brand and its predecessors/prototypes**.

    C. McLean is not required to produce documents responsive to Topic 17.

    D. McLean is required to produce documents responsive to Topics 18, 19, and 21 only to the extent that such documents are sufficient to show that McLean has a business relationship with Hansen.

1         E.   McLean is not required to produce documents responsive to Topic 20.

2 **IT IS SO ORDERED.**

3 Dated: May __15__, 2007.

4 _____

5 Hon. Elizabeth D. Laporte
Magistrate Judge, United States District Court

*IT IS SO ORDERED AS MODIFIED*
*Judge Elizabeth D. Laporte*